**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 10-4771**

UNITED STATES OF AMERICA,

               Plaintiff - Appellee,

     v.

MFARIJI GASKIN,

               Defendant - Appellant.

Appeal from the United States District Court for the Middle District of North Carolina, at Greensboro. N. Carlton Tilley, Jr., Senior District Judge. (1:09-cr-00307-NCT-1)

Submitted: March 30, 2012        Decided: April 11, 2012

Before KING, AGEE, and WYNN, Circuit Judges.

Affirmed by unpublished per curiam opinion.

J. Darren Byers, LAW OFFICES OF J. DARREN BYERS, P.A., Winston-Salem, North Carolina, for Appellant. Robert Albert Jamison Lang, Assistant United States Attorney, Greensboro, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Mfariji Gaskin pled guilty, pursuant to a written plea agreement, to possession with the intent to distribute 6.5 grams of cocaine base, in violation of 21 U.S.C.A. § 841(a)(1), (b)(1)(B) (West 2006 & Supp. 2011). The district court calculated Gaskin's Guidelines range under the U.S. Sentencing Guidelines Manual (2009) at 188 to 235 months' imprisonment and sentenced Gaskin to 209 months' imprisonment. On appeal, counsel has filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), stating that there are no meritorious issues for appeal, but questioning whether Gaskin's sentence is substantively reasonable. The Government elected not to file a brief and does not seek to enforce the plea agreement's appeal waiver.[*] We treat Gaskin's pro se notice of appeal — which raises arguments challenging his conviction — as a pro se supplemental brief. We affirm.

This court reviews Gaskin's 209-month sentence for reasonableness under a "deferential abuse-of-discretion standard." Gall v. United States, 552 U.S. 38, 41, 51 (2007). This review entails appellate consideration of both the

_____

[*] Because the Government fails to assert the waiver as a bar to the appeal, we may consider the issues raised by counsel and Gaskin and conduct an independent review of the record pursuant to Anders. United States v. Poindexter, 492 F.3d 263, 271 (4th Cir. 2007).

2

procedural and substantive reasonableness of the sentence. Id. at 51. In determining procedural reasonableness, this court considers whether the district court properly calculated the defendant's advisory Guidelines range, considered the 18 U.S.C. § 3553(a) (2006) factors, selected a sentence based on clearly erroneous facts, or failed to explain sufficiently the selected sentence. Id. at 49-51. If the sentence is free of significant procedural error, this court reviews it for substantive reasonableness, "tak[ing] into account the totality of the circumstances." Id. at 51. This court applies a presumption on appeal that a sentence within the properly calculated Guidelines range is reasonable. United States v. Mendoza-Mendoza, 597 F.3d 212, 217 (4th Cir. 2010). Such a presumption is rebutted only when the defendant shows "that the sentence is unreasonable when measured against the § 3553(a) factors." United States v. Montes-Pineda, 445 F.3d 375, 379 (4th Cir. 2006) (internal quotation marks omitted).

In this case, the district court properly calculated the Guidelines range and heard argument from counsel and allocution from Gaskin. The court considered the § 3553(a) factors and explained that a within-Guidelines sentence was warranted in view of the nature and circumstances of Gaskin's offense, his history and characteristics, and the need for the sentence to protect the public. Counsel suggests that the

3

209-month sentence is greater than necessary to achieve the purposes of sentencing in light of the drug quantity attributable to Gaskin. We reject this argument because it essentially asks the court to substitute its judgment for that of the district court. We defer to the district court's decision that the 209-month sentence achieved the purposes of sentencing in Gaskin's case. See United States v. Jeffery, 631 F.3d 669, 679 (4th Cir.) ("[D]istrict courts have extremely broad discretion when determining the weight to be given each of the § 3553(a) factors."), cert. denied, 132 S. Ct. 187 (2011). Gaskin fails to rebut the presumption that his within-Guidelines sentence is substantively reasonable. Accordingly, we conclude that the district court did not abuse its discretion in sentencing Gaskin.

Additionally, in accordance with Anders, we have reviewed the issues in Gaskin's pro se supplemental brief and the entire record in this case and have found no meritorious issues for appeal. We therefore affirm the district court's judgment. This court requires that counsel inform Gaskin, in writing, of the right to petition the Supreme Court of the United States for further review. If Gaskin requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for

4

leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Gaskin.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED